Thomas E. Morrissey, Jr., J.
This is an action brought by the plaintiff against both defendants, Stern Brothers and United Foam Latex Corp. on the theory of negligence. In addition, there is a cause of action brought by the plaintiff against Stern Brothers on breach of contract, more specifically based on a breach of warranty under section 96 of the Personal Property Law, in that the bed, the subject matter of this action, was not reasonably fit for the use intended. Further, there is a cross complaint brought by the defendant Stern Brothers against United Foam Latex Corp.
The court finds as 'facts in this case that a bed had been purchased by the plaintiff from Stern Brothers and delivered to him on June 26, 1954. This bed was a box spring type manufactured by the defendant United Foam Latex Corp. and sold to the defendant Stern Brothers, with legs detached. Upon delivery to the plaintiff the legs were attached to the bed by a representative of Stern Brothers. At the time of the purchase the plaintiff had a heart condition for which he was being treated and had showed some signs of improvement. On the same day of delivery, while the plaintiff was sleeping in the bed, it collapsed, as a result of which the plaintiff sustained an aggravation of the pre-existing heart condition. This was corroborated substantially by medical testimony of Dr. George Pollack and Dr. Seymour S. Cutler, witnesses who testified on behalf of the plaintiff.
The proof establishes that the plaintiff has sustained a cause of action against the defendant Stern Brothers on the theories of breach of warranty and negligence.
As to the breach of warranty, subdivision 1 of section 96 of the Personal Property Law states: “ "Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller’s skill or judgment * * * there is an implied warranty that the goods shall be reasonably fit for such purpose.”
It is evident to the court that the defendant Stern Brothers is liable to the plaintiff for personal injuries he sustained by reason of the breach of said implied warranty as well as express warranties, that the goods be reasonably fit for the purpose required. The defendant, Stern Brothers, knew that the plain *860 tiff purchased the bed for the purpose of lying thereon and that the plaintiff had relied on defendant’s skill and judgment in making such purchase.
As to the theory of negligence, the court is of the opinion that the defective condition of the bed should have been readily discoverable by the defendant Stern Brothers by inspection alone. The defendant affixed the legs to the bed and at such time it could have inspected the bed to ascertain the nature and quality of its construction and whether it could support the weight of a person without collapsing.
As to the cause of action by the plaintiff on the theory of negligence against the United Foam Latex Corp., the court finds that the plaintiff has established a cause of action. The defendant United Foam Latex Corp. manufactured a bed of defective material and failed to equip the bed with such parts as would have prevented the collapse of the frame. It further failed to make a proper and sufficient inspection or test of the bed. This is evident from the collapse of the bed when it was put to normal use.
In MacPherson v. Buick Motor Co. (217 N. Y. 382, 389, 390) Judge Cardozo set forth the responsibility and duty of a manufacturer to the ultimate consumer as follows: “If the nature of a thing is such that it is reasonably certain to place life and limb in peril when negligently made, it is then a thing of danger. Its nature gives warning of the consequences to be expected. If to the element of danger there is added knowledge that the thing will be used by persons other than the purchaser, and used without new tests, then, irrespective of contract, the manufacturer of this thing of danger is under a duty to make it carefully. * * * We are dealing now with the liability of the manufacturer of the finished product, who puts it on the market to be used without inspection by his customers. If he is negligent, where danger is to be foreseen, a liability will follow.”
In Smith v. Peerless Glass Co. (259 N. Y. 292, 296), the court, after reviewing the basic rule of law in the MacPherson case, stated that it was the. duty o'f a manufacturer to use “ reasonable care ” which it defined as follows: “ Reasonable care consists among other things in making such inspections and tests during the course of manufacture and after the article is completed as the manufacturer should recognize as reasonably necessary to secure the production of a safe article.”
Section 395 of the Restatement of the Law of Torts of the American Law Institute states: “A manufacturer who fails to exercise reasonable care in the manufacture of a chattel which, *861 unless carefully made, he should recognize as involving an unreasonable risk of causing substantial bodily harm to those who lawfully use it for a purpose for which it is manufactured * * * is subject to liability for bodily harm caused to them by its lawful use in a manner and for a purpose for which it is manufactured.”
In the instant case the manufacturer should have anticipated that its beds would be used by many ill and infirm persons and that the collapse of a bed would be a source of great danger to such persons.
As to the cross complaint, the court is of the opinion that both defendants are concurrently negligent and are joint tort-feasors in pari delicto and, therefore, the cross complaint is dismissed.
All motions made at the end of the entire case are denied. Accordingly, the court finds that the plaintiff is entitled to an award in the amount of $12,000. This opinion is in accord with section 440 of the Civil Practice Act.
Let judgment be entered accordingly.